# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Matthew Cox,  Case No. 3:17-cv-2420

    Plaintiff

  v.  MEMORANDUM OPINION
    AND ORDER

Jodie Hausmann, et al.,

    Defendants

## I. INTRODUCTION

Defendant D.J. Young III, seeks the dismissal of Plaintiff Matthew Cox's claims against him pursuant to Civil Rule 12(c). (Doc. No. 23). Cox opposes Young's motion. (Doc. No. 26). Young has filed a brief in reply. (Doc. No. 27). For the reasons stated below, I grant Young's motion.

## II. BACKGROUND

In 2015, Cox became the principal of Briar Middle School, in the Perkins Local School District (the "District"), entering into a three-year contract with the District's Board of Education (the "Board"). Cox alleges his employment with the District went very well until January 2017, when he notified Jodie Hausmann, the District's superintendent, that he likely would need to take leave under the Family and Medical Leave Act ("FMLA") to care for two qualifying family members. Approximately one week after Cox first notified Hausmann of his intention to use FMLA leave, he was notified he was to attend a pre-disciplinary conference two days later regarding possible termination of his employment contract due to "allegations regarding insubordination, not following

board policy, and not respecting the chain of command . . . ." (Doc. No. 1 at 7-8). Hausmann and Young, who was the Board's legal counsel, were present at the pre-disciplinary conference held on January 27, 2017. Cox claims he was not given proper notice of this conference, and that the accusations raised against him were false and dated.

At the conclusion of the January 27 conference, Cox alleges Hausmann told him "she could no longer trust him and that the two could not work together because Cox brought legal representation [to the conference] . . . despite the fact that the January 25, 2017 Notice of Pre-Hearing Conference advised him to bring legal counsel." (Doc. No. 1 at 16). Three days later, on January 30, Hausmann placed Cox on administrative leave for purportedly failing to report a fight that occurred in the cafeteria immediately prior to the January 27 conference. Cox asserts this explanation is false and pretextual, because he had instructed the assistant principal in charge of discipline to follow Board procedures, and those procedures in fact were followed. (Doc. No. 1 at 18). Cox requested several hearings with the Board, but those requests were denied. He remained on administrative leave until July 7, 2017, when he submitted written notice of his termination of his contract after obtaining alternate employment. (Doc. No. 1 at 24-25).

Cox alleges Hausmann, the Board, and Young failed to provide him with due process, violated his First Amendment rights, retaliated against him for exercising his rights under the FMLA, and committed numerous violations of Ohio law.

### III.  STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible

2

claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion to dismiss if those documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### IV. DISCUSSION

Section 1983 permits plaintiffs to pursue a remedy for a "deprivation of a right secured by the Constitution or laws of the United States . . . [where] the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (citations omitted). Young contends Cox's claims against him should not be permitted to go forward because he is a private attorney hired by the Board, not a member or employee of the Board, and therefore he was not acting under color of law. Cox asserts Young may be held liable as a state actor because Young acted "as both legal counsel for the Board as well as the designee for the District and Board regarding personnel matters related to Cox." (Doc. No. 1 at 4).

"In determining whether a particular action or course of conduct is governmental in character, it is relevant to examine the following: the extent to which the actor relies on governmental assistance and benefits, whether the actor is performing a traditional governmental function, and whether the injury caused is aggravated in a unique way by the incidents of governmental authority . . . ." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 621–22 (1991) (citations omitted). There are several circumstances in which "private conduct is fairly attributable to the state," permitting a private actor to be held liable under § 1983. *Ellison*, 48 F.3d at 195. This includes the nexus test, where a court must determine if there is "a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action

3

taken may be attributed to the state." *Id.*; *see also Georgia v. McCollum*, 505 U.S. 42, 54 (1992) ("[T]he determination whether [an attorney] is a state actor for a particular purpose depends on the nature and context of the function [the attorney] is performing.").

Cox does not dispute the general principle "attorneys do not become state actors by representing state or local governments." *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F.Supp.2d 833, 841 (N.D. Ohio 2009). He contends, however, Young did more than that. Cox alleges Young was the Board's "designee" on personnel matters involving Cox and that this case is like *Buddenberg v. Weisdack*, in which Judge Polster denied a motion to dismiss filed by the attorney for a county health district after determining the plaintiff had adequately pled the attorney was a state actor. *See Buddenberg v. Weisdack*, 2018 WL 3159052, at *4 (N.D. Ohio, June 28, 2018).

As Young notes, Judge Polster's decision in *Buddenberg* is a bit of an outlier in the Sixth Circuit, where the case is currently under review. More importantly, the plaintiff in *Buddenberg* offered specific factual allegations that Cox does not – that the health district's attorney conducted her disciplinary hearing, attempted to coerce her into dropping her claims against the health district, and recommended disciplinary action against her based on allegations the attorney knew to be false. *Id.* These assertions differ starkly from those made here, as Cox does not identify even a single action Young purportedly took on his own.

Instead, Cox's allegations against Young boil down to the lament that Young did not stop Hausmann and the School Board from allegedly violating his rights. (*See, e.g.,* Doc. No. 1 at 2 ("This case is about a superintendent who used her school position – with the support and consent of . . . board legal counsel – to conduct [a] systematic and deliberate campaign to . . . deny [Cox's] due process rights"), 18 (alleging Hausmann acted "presumably with the consent of legal counsel"), 20 (alleging Hausmann was engaged in an "ongoing, deliberate, and calculated scheme, by and through

4

legal counsel, to deprive [Cox] of his due process rights and to retaliate against him"), and 23 (alleging Hausmann violated his rights "by and through legal counsel")).

To the extent Cox argues Young may be held liable under § 1983 because he "jointly worked" with the other defendants to violate Cox's rights, Cox still fails to state a claim. While a "private party's joint participation with a state official in a conspiracy to [violate the plaintiff's rights] would constitute . . . state action," an attorney performing traditional legal duties by "representing a client cannot 'conspire' within the attorney-client relationship." *Horen*, 594 F.Supp.2d at 842 (quoting *Lugar v. Edmondson Oil*, 457 U.S. 922, 931 (1982), and citing *Doherty v. American Motors Corp.*, 728 F.2d 334, 339-40 (6th Cir. 1984)).

As I noted above, attorneys who are acting within the traditional role of a lawyer do not become state actors simply because they are paid by a public agency. *See, e.g., Miranda v. Clark Cnty, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). Cox's allegation that Young was the Board's "designee" is a legal conclusion couched as a factual allegation, and his remaining allegations regarding Young's actions show no more than that Young was acting in a traditional legal role. Cox fails to offer plausible allegations to support a conclusion that Young was a state actor, and I grant Young's motion for judgment on Cox's § 1983 claims against him for violation of his procedural due process and First Amendment rights.

Cox's remaining claims against Young fail as well. Even if Cox had sufficiently pled facts establishing Young was a state actor, a public official "cannot be held individually liable under the FMLA." *Diaz v. Michigan Dep't of Corrections*, 703 F.3d 956, 961 (6th Cir. 2013) (citing *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003)). Further, as I concluded above, Cox's allegations show only that Young was acting in a traditional legal role, and "[i]t is by now well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services

5

were performed, or unless the attorney acts with malice." *Simon v. Zipperstein*, 512 N.E.2d 636, 638 (Ohio 1987); *see also Omega Riggers & Erectors, Inc. v. Koverman*, 65 N.E.3d 210, 223 (Ohio Ct. App. 2016) ("An attorney should not suffer potential liability to third parties for advising and pursuing a client's non-criminal goals, even if those goals will subject the client to potential civil liability."). I grant Young's motion for judgment on the pleadings as to Cox's FMLA and state-law claims.

## V.  CONCLUSION

For the reasons stated above, Young's motion for judgment on the pleadings is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge